UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PROFESSIONAL SALES, LP, doing business as PRORV,        §§§§§ <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, <br><br> Defendant. | §§§§§§§§§§§ Civil Action No. 4:21-cv-01313-O |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 10–13), filed December 22, 2021; Plaintiff's Response (ECF No. 14), filed January 12, 2022; and Defendant's Reply (ECF No. 17), filed January 25. The Court **GRANTS** the motion.

### I.   BACKGROUND

Professional Sales, LP, doing business as ProRV, employed Darcy Mochel as an accounting manager. Compl. 3, ECF No. 1-3. Mochel's responsibilities included bookkeeping and managing ProRV's accounts. *Id.* Over the course of five years, Mochel used ProRV's money to pay off her personal American Express credit card. *Id.* ProRV calculates that Mochel fraudulently diverted over $974,000 to American Express. *Id.* at 4. Upon learning of the fraud, ProRV contacted law enforcement and American Express. ProRV requested that American Express return the money, but American Express refused. *Id.*

ProRV filed suit in state court, asserting a cause of action for money had and received. *Id.* American Express removed to this Court on the basis of diversity jurisdiction. *See* Not. of Removal, ECF No. 1. American Express then moved to dismiss ProRV's complaint for failure to

state a claim. *See* Mot. to Dismiss, ECF No. 10. The parties briefed the motion, which is ripe for the Court's review.

## II.     LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). A court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss.

*Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.     ANALYSIS

Money had and received is an equitable action governed by Texas common law. *See Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004) (citing *Staats v. Miller*, 243 S.W.2d 686, 687–88 (Tex. 1951)). "The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong." *Staats*, 243 S.W.2d at 687 (citation omitted). "The general rule is that when property is stolen, the party who acquires the stolen property does not acquire its title." *In re Okedokun*, 968 F.3d 378, 390 (5th Cir. 2020) (citing *In re Approximately $80,600.00*, 537 S.W.3d 207, 211 (Tex. App.—Houston 2017, pet. denied)). Rather, the original owner retains title and may recover the property from the one who holds it. *Id.* Money, however, is an exception. *Id.*

"A plaintiff seeking recovery under a theory of money had and received must prove that the 'defendant holds money which in equity and good conscience belongs to him.'" *Id.* (quoting *Staats*, 243 S.W.2d at 687). "[I]n considering the 'good conscience' element, 'one who receives money which has been illegally obtained by a third party in due course of business, in good faith, and for valuable consideration, can keep it without liability to him from whom it was stolen.'" *Id.* (quoting *Sinclair Hous. Fed. Credit Union v. Hendricks*, 268 S.W.2d 290, 295 (Tex. Civ. App.—Galveston 1954). ProRV's complaint alleges facts indicating that American Express received the money from a third party (1) in due course of business, (2) in good faith, and (3) for valuable consideration.

First, American Express received the money in due course of business. ProRV alleges that Mochel "stole money from ProRV, and gave that money to American Express." Compl. 3, ECF No. 1-3. To accomplish this, "Mochel simply paid her personal American Express bill directly out

of ProRV's bank account with ProRV's funds." *Id.* That is, American Express, a credit card company, received the money through its standard business practice. ProRV does not dispute that American Express received the money in due course of business. *See* Pl.'s Resp. Br., ECF No. 14.

Second, American Express received the money in good faith. The Court is unaware of binding Texas law defining "good faith" in an action for money had and received. In analogous contexts, "'[g]ood faith' means honesty in fact in the conduct or transaction concerned." *Tex. Stadium Corp. v. Sav. of Am.*, 933 S.W.2d 616, 619 (Tex. App.—Dallas 1996) (quoting Tex. Bus. & Com. Code § 1.201(20)). A lack of good faith is more than mere negligence. *Id.* "Lack of good faith requires actual knowledge of the wrongdoing, not merely notice of suspicious facts." *Id.* (citing *British Caledonian Airways, Ltd. v. First State Bank of Bedford*, 819 F.2d 593, 596–97 (5th Cir. 1987)). ProRV's complaint contains no facts indicating that American Express lacked good faith in received the money. Again, ProRV does not dispute that American Express received the money in good faith. *See* Pl.'s Resp. Br., ECF No. 14.

Third, American Express received the money for valuable consideration. As the complaint indicates, American Express received the money for payment of Mochel's credit card debt. *See* Compl., ECF No. 1-3. That constitutes valuable consideration. *See, e.g.*, Tex. Bus. & Com. Code § 24.004. Once again, ProRV does not dispute that American Express received the money for valuable consideration. *See* Pl.'s Resp. Br., ECF No. 14. Rather, ProRV argues that "whether [American Express] provided consideration is not relevant." *Id.* at 2. According to ProRV, consideration is not an element of money had and received, because "[a]ll a 'plaintiff need show [to prove a claim for money had and received] is that defendant holds money which in equity and good conscience belongs to him.'" *Id.* (second alteration in original) (quoting *Staats*, 243 S.W.2d at 687). But ProRV overlooks the crucial point that "in considering the 'good conscience'

4

element," a court must determine whether the defendant received the money (1) in due course of business, (2) in good faith, and (3) for valuable consideration. *In re Okedokun*, 968 F.3d at 390 (quoting *Sinclair Hous. Fed. Credit Union*, 268 S.W.2d at 295). ProRV has failed to allege facts demonstrating that it meets the "good conscience" element of its claim.[1] The Court thus **GRANTS** the motion to dismiss.

In the alternative, ProRV requests leave to amend. American Express opposes the request and urges the Court to dismiss the complaint with prejudice. American Express argues that amendment would be futile because "any 'amended complaint would fail to state a claim upon which relief could be granted.'" Def.'s Reply Br. 11, ECF No. 17 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)). The Court disagrees and, in its discretion, **GRANTS** leave to amend.

Finally, the Court declines to address American Express's argument concerning the statute of limitations at this time. The Court notes, however, that any amended complaint filed by ProRV should allege dates specific enough to satisfy the federal pleading standard.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (ECF No. 10) and **DISMISSES** the complaint. The Court also **GRANTS** ProRV leave to file an amended complaint within seven days of this order. If ProRV does not file an amended complaint within seven days, the Court **ORDERS** that dismissal of the complaint will automatically convert into a dismissal with prejudice without further order by this Court.

**SO ORDERED** this **31st day** of **March, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] Arguably, the "good conscience" element could be viewed as an affirmative defense. Even so, "Rule 12(b)(6) dismissal may also be appropriate based on a successful affirmative defense provided that the affirmative defense appears on the face of the complaint." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (cleaned up).